IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REGIONS EQUIPMENT FINANCE CORPORATION | * * * |
| | * CIVIL ACTION NO. CV-10-258 |
| VERSUS | * |
| | * *IN REM* |
| M/V ACCU I (Official Number 533962); AT 1800B (Official Number 530112); and their respective engines, tackle, furniture, apparel, appurtenances, etc., *in rem* | * * * * * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **VERIFIED COMPLAINT**

COMES NOW Plaintiff Regions Equipment Finance Corporation (hereinafter "Regions") against the vessels, M/V ACCU I, Official Number 533962, and AT 1800B, Official Number 530112, their respective engines, tackle, furniture, apparel, appurtenances, etc., *in rem*, and respectfully represents:

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and jurisdiction of the United States and this Honorable Court is proper under 28 U.S.C. §1333 and 46 U.S.C. §31325(c).

2.

At all material times, Regions was, and now is, a corporation organized and existing under the laws of the State of Alabama, with its principal place of business in Birmingham, Alabama.

3.

Defendant vessel, M/V ACCU I, Official Number 533962, is a documented vessel for which a certificate of documentation has been issued by the United States Coast Guard, National Vessel

Documentation Center, pursuant to 46 U.S.C. §12101 *et seq.* (hereinafter, the "ACCU I"), and is now, or will be during the pendency of this action, within the navigable waters of this district. At all material times ACCU I was, and is now, owned by Accumarine Transportation, L.P. ("Accumarine"), a limited partnership organized and existing under the laws of the State of Texas.

4.

Defendant vessel, AT 1800B, Official Number 530112, is a documented vessel for which a certificate of documentation has been issued by the United States Coast Guard, National Vessel Documentation Center, pursuant to 46 U.S.C. §12101 *et seq.* (hereinafter, the "1800B"), and is now, or will be during the pendency of this action, within the navigable waters of this district. At all material times 1800B was and is now owned by Accumarine.

5.

On or about April 17, 2008, Regions, as "Lender", and Accumarine, as "Borrower", together with certain guarantors of Accumarine, entered into that certain Third Amended and Restated Loan Agreement, to govern the terms and conditions pursuant to which Regions would extend credit to Accumarine. A true and correct copy of the Third Amended and Restated Loan Agreement is attached hereto as Exhibit "A", the terms of which are incorporated herein by this reference.

6.

On or about May 18, 2007, Regions and Accumarine executed and delivered the original Loan Agreement (which agreement has been amended and restated by the Third Amended and Restated Loan Agreement filed herewith) to create a line of credit in favor of Accumarine to finance the acquisition and refurbishment by Accumarine of certain barges and towing vessels, including the defendant vessels ACCU I and AT 1800B. On even date with the original Loan Agreement, and pursuant thereto, for valuable consideration, Accumarine executed and delivered to Regions a

Promissory Note in the principal amount of THREE MILLION FIVE HUNDRED THOUSAND AND NO/100 Dollars ($3,500,000.00) to evidence the maximum amount of advances to be made by Regions to Accumarine under the line of credit opened under the Loan Agreement (the "Facility A Note"). A true and correct copy of the Facility A Note is attached hereto as Exhibit "B", the terms of which are incorporated herein by this reference. All credit available to Accumarine under the original Loan Agreement and the Facility A Note was fully drawn by August 17, 2007.

7.

On or about June 14, 2007, Regions and Accumarine executed and delivered an amendment to and restatement of original Loan Agreement (which agreement has been further amended and restated by the Third Amended and Restated Loan Agreement filed herewith) to create an additional term loan facility in favor of Accumarine of up to TWO MILLION SIX HUNDRED SEVENTY-THREE THOUSAND AND NO/100 Dollars ($2,673,000.00) to finance the acquisition and refurbishment by Accumarine of two additional used coastwise towing vessels. On even date with the amendment and restatement of the Loan Agreement, Accumarine executed and delivered to Regions, for valuable consideration, a Promissory Note in the principal amount of TWO MILLION SIX HUNDRED SEVENTY-THREE THOUSAND AND NO/100 Dollars ($2,673,000.00) to evidence the additional acquisition loan made by Regions to Accumarine pursuant to the Loan Agreement as amended and restated (the "Facility B Note"). A true and correct copy of the Facility B Note is attached hereto as Exhibit "C", the terms of which are incorporated herein by this reference.

8.

On or about April 17, 2008, Regions and Accumarine executed and delivered the Third Amended and Restated Loan Agreement to amend and restate the original Loan Agreement (as

previously amended and restated) to create an additional term loan facility in favor of Accumarine of up to FIVE MILLION FOUR HUNDRED FIFTY-FIVE THOUSAND AND NO/100 Dollars ($5,455,000.00) in order to finance the acquisition and refurbishment of an additional towboat, and certain additional tank barges, and to refinance a bridge loan made to Accumarine by Regions Bank, an affiliate of plaintiff, which had been used by Accumarine to finance the acquisition of two other towing vessels. On even date with the amendment and restatement of the Loan Agreement, Accumarine executed and delivered to Regions, for valuable consideration, a Promissory Note in the principal amount of FIVE MILLION FOUR HUNDRED FIFTY-FIVE THOUSAND AND NO/100 Dollars ($5,455,000.00) to evidence the additional loan made by Regions to Accumarine pursuant to the Loan Agreement as amended and restated (the "Facility D Note", and together with the Facility A, Facility B and Facility C Notes, the "Notes"). A true and correct copy of the Facility D Note is attached hereto as Exhibit "E", the terms of which are incorporated herein by this reference.

9.

In order to secure all existing and future obligations, liabilities and indebtedness of Accumarine under the Loan Agreement, as amended and restated, and under the Notes, among other obligations, Accumarine executed and delivered that certain First Preferred Fleet Mortgage, dated May 18, 2007, in favor of Regions, as mortgagee, in the original amount of $3,500,000.00. The First Preferred Fleet Mortgage was filed with the United States Coast Guard, National Vessel Documentation Center, on May 22, 2007 at 4:27 p.m. and recorded as Batch No. 589034, Doc. ID No. 7203392. The First Preferred Fleet Mortgage was supplemented by six separate mortgage supplements, each executed and delivered by Accumarine and Regions on or about June 17, 2007, July 11, 2007, August 9, 2007, January 31, 2008, April 17, 2008 and May 1, 2008, respectively, and

each duly filed with the United States Coast Guard, National Vessel Documentation Center. True and correct copies of the original First Preferred Fleet Mortgage, and Supplements Nos. 1 – 6 thereto, are attached hereto as Exhibits "F-1" – "F-7" (the original First Preferred Fleet Mortgage, as supplemented by Supplements Nos. 1 – 6, hereinafter, collectively, the "Mortgage"). The defendant vessels ACCU I (ex Robert James) and AT 1800B (ex HMC 513) were included in the First Preferred Fleet Mortgage. The Mortgage, as supplemented, constitutes a preferred mortgage lien bearing against and encumbering defendants ACCU I and AT 1800B (collectively the "Vessels") in the amount of $20,988,000.00.

10.

All of the things required to be done under Chapter 313 of Title 46, United States Code, in order to give the Mortgage, as supplemented, the status of a preferred ship mortgage were done of caused to be done by Regions, as mortgagee, or by the United States Coast Guard, National Vessel Documentation Center.

11.

Accumarine is now in default under the Loan Agreement, the Notes and the Mortgage as hereinafter set forth.

12.

Despite amicable demand, Accumarine failed or refused to pay the installments of principal and interest scheduled under the Notes when due. The failure of Accumarine to pay the scheduled installments of principal and interest under the Notes constitutes a default under the Notes and an Event of Default under Section 8.1(a) of the Loan Agreement. As of March 15, 2010, the aggregate outstanding balance of principal and accrued and unpaid interest owned under the Notes was $20,466,338.62 broken down as follows:

| Note | Outstanding Principal | Outstanding Interest |
|---|---|---|
| Facility A Note | $2,303,938.06 | $154,431.97 |
| Facility B Note | $3,061,708.36 | $193,879.37 |
| Facility C Note | $8,719,615.64 | $566,569.77 |
| Facility D Note | $5,186,778.83 | $279,416.62 |

The outstanding balance owed under the Notes continues to accrue interest at the Default Rate stipulated in the Loan Agreement and the Notes, eighteen percent (18%) per annum, until all sums due under the Loan Agreement and the Notes is paid in full.

13.

In addition to the default under the Notes, additional Events of Default have occurred and are continuing pursuant to Sections 8.1(b), (c) and (d) of the Loan Agreement as a result of (a) the failure of Accumarine to comply with the financial reporting requirements set forth in Section 6.1 of the Loan Agreement, (b) the failure of Accumarine to maintain a Debt Service Coverage Ratio of not less than 1:30:1 as required under Section 6.1 of the Loan Agreement, and (c) the failure Accumarine to prevent the attachment of liens against the mortgaged vessels in violation of Section 7.1 of the Loan Agreement and Section 1.03 of the Mortgage.

14.

The Loan Agreement, as amended and restated, and the Notes provide that if Accumarine, as borrower, fails to make any payment of principal or interest due under the Notes, or upon the occurrence of any other Event of Default, as such term is defined in the Loan Agreement, Regions may declare the Notes to be immediately due and payable, and the Notes will thereupon become immediately due and payable, without notice, demand, presentment, notice of dishonor, notice of acceleration, notice of intent to accelerate, notice of intent to demand, protest, or other formalities of any kind, all of which were expressly waived by Accumarine in such instruments.

15.

The Loan Agreement, as amended and restated, the Notes and the Mortgage, each further provide that, in the event that the Notes are placed in the hands of an attorney for collection or suit, the maker, Accumarine, agrees to all costs of collection and the reasonable fees of such attorney.

16.

The Loan Agreement, as amended and restated, and the Notes further provide that, following the occurrence of an Event of Default, Regions shall have the right to exercise any and all remedies provided under the Loan Agreement, as amended and restated, the Mortgage or any other loan documents or available to Regions in equity or under applicable law, including the right to foreclose or otherwise enforce all liens or security interests securing payment of the Notes and other sums due under the loan documents.

17.

All sums due and owing by Accumarine to Regions under the Loan Agreement, as amended and restated, and under the Notes, together with all costs of foreclosure against the Vessels, including reasonable attorneys' fees, are sums secured by the preferred mortgage lien of the Mortgage.

18.

All and singular, the premises of this Complaint are true and correct and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

WHEREFORE, Regions Equipment Finance Corporation, prays:

1. That process *in rem* issue in due form of law under Supplemental Rule C of the Federal Rules of Civil Procedure and according to the practices of this Honorable Court in a cause

of admiralty and maritime jurisdiction citing all persons having or claiming interest in the vessel, M/V ACCU I, Official Number 533962, and the vessel, AT 1800B, and their respective engines, tackle, furniture, apparel, appurtenances, etc., *in rem*, to appear and answer, under oath, all and singular, the matters aforesaid; and, after due proceedings had herein, that Regions Equipment Finance Corporation have judgment against the Vessels, jointly and severally, *in rem*, for the principal amount of TWENTY MILLION FOUR HUNDRED SIXTY-SIX THOUSAND THREE HUNDRED THIRTY-EIGHT AND 62/100 DOLLARS ($20,466,338.62), together with interest on the principal amount at the rate of eighteen percent (18%) percent per annum from March 15, 2010 until the date of Judgment herein, and thereafter at the legal rate until paid in full, reasonable attorneys' fees, and all costs of these proceedings;

2. That a writ of arrest, according to the practice of this Honorable Court in causes of admiralty and maritime jurisdiction, may issue against (i) the vessel M/V ACCU I, Official Number 533962, her engines, tackle, furniture, apparel, appurtenances, etc. *in rem*, and (ii) the vessel AT 1800B, Official Number 530112, her engines, tackle, furniture, apparel, appurtenances, etc. *in rem*, and that all persons claiming any interest in the Vessels may be cited to appear and answer the matters aforesaid and that each of the Vessels may be condemned and sold to pay the demands and claims aforesaid with interest and costs and to pay any and all other amounts required to be paid to Plaintiff;

3. That the First Preferred Fleet Mortgage executed and delivered by defendant, Accumarine Transportation, L.P., as supplemented by Supplements 1–6, be declared to be a valid and subsisting lien against the Vessels in the amount claimed herein, and that such lien be declared to be prior and superior to the claims and interests of all persons, firms or corporations whatsoever in and to the Vessels; and

4.     For all other general and equitable relief as this Court deems just and proper.

                                                    Respectfully submitted,

                                                    /s/ James F. Watkins
                                              James F. Watkins (WATKJ7185)
                                              Barry Johnson Parker (JOHNE4885)
                                              MAYNARD, COOPER & GALE, PC
                                              3 South Royal Street, 3rd Floor
                                              Mobile, Alabama 36602
                                              Telephone: 251-432-0001
                                              Attorneys for Plaintiff,
                                              Regions Equipment Finance Corporation

VERIFICATION

STATE OF ALABAMA )

COUNTY OF MOBILE )

Personally appeared before me, the undersigned authority in and for said state and county, James F. Watkins, who after being duly sworn, did depose and say as follows:

He is a shareholder in the firm of Maynard, Cooper & Gale PC, attorneys of record for Plaintiff herein, that he has read the foregoing Complaint and knows the contents thereof; and that upon information and belief he verily believes the allegations to be true; that the source of his information and the grounds of his belief are documents and information supplied to him by Plaintiff. Undersigned makes this verification on behalf of Plaintiff because they have no authorized officers within the District. Undersigned is authorized to make this verification on behalf of Plaintiff.

_____
JAMES F. WATKINS

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 19th DAY OF
MAY, 2010.

_____
NOTARY PUBLIC

My Commission Expires: 4/4/2011

PLEASE SERVE A COPY OF THE COMPLAINT AND THE WRIT OF ARREST ON THE MASTER OF THE VESSEL OR, IF HE IS NOT AVAILABLE, ON THE PERSON THEN IN CHARGE AND HAVE THE WRIT OF ARREST POSTED IN A CONSPICUOUS PLACE ABOARD THE VESSEL.

10