IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| REGIONS EQUIPMENT FINANCE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. CV-10-0258-KD-M |
| M/V ACCU I (Official No. 533962), AT 1800B (Official No. 530112), AT 3006 (Official No. 1080267), M/V ACCU VIII (Official No. 541599), their engines, tackle, furniture, apparel, appurtenances, etc., *in rem* | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

# ORDER

This action is before the Court on Waterways Towing and Offshore Services, Inc.'s (Waterways) response to the Court's order dated May 11 ,2011 (doc. 90) and the response filed by Regions Equipment Finance Corporation (Regions) (doc. 91). Upon consideration and for the reasons set forth herein Waterways' claim for attorney's fees is allowed and Waterways is awarded a reasonable attorney's fee in the amount of $6,689.10. Further, Waterways' claim for additional service charges in the amount of $417.70 is allowed. Accordingly, the Clerk is DIRECTED to disburse from the sale proceeds of the vessels the sum of $7,106.80, payable to Waterways, and deliver the payment to Waterways' counsel. Upon delivery, Waterways' claim shall be discharged.

Background

Previously, this Court found in favor of Waterways on its claim for *in custodia legis* fees invoiced to Regions as the substitute custodian of vessels arrested and sold by Regions. Regions disputed Waterways' request for attorneys' fee as "unreasonable", but the Court found that Waterways' reasonably obtained the services of an attorney since the deadline to file a claim was

approaching and Regions had not paid Waterways.  The Court awarded Waterways a reasonable attorney's fee as an expense of the substitute custodian and requested additional briefing with documentation sufficient to show the reasonable hourly rate charged, the hours expended, and the work performed in relation to this claim.

Analysis

Waterways seek attorney's fees in the total amount of $6,689.10.  In support, Waterways provides copies of the billing statements received from counsel showing the hourly rate charged and the time expended on this claim.  Regions does not oppose the payment of these fees and expenses and does not challenge the reasonableness of the hourly rate or the time expended.

The hourly rate claimed is in excess of the rate which this Court has customarily determined to be a reasonable hourly rate when awarding attorney's fees to a prevailing party.  *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988) ("A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.").  However, because this is not the typical circumstance where a prevailing party to the litigation is awarded an attorney's fee, the Court finds the hourly rate reasonable under these limited circumstances.[1]  Review of the time entries indicates that the amount of time spent and the work performed is reasonable in these circumstances. Therefore, the Court finds that Waterways' claim for a reasonable attorney's fee and expenses is allowed.

**DONE and ORDERED** this 1st day of June, 2011.

s/ Kristi K. DuBose  
**KRISTI K. DuBOSE**  
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court also notes that Waterways' attorney has practiced law for over forty years and is known to be a skilled and experienced attorney in the area of admiralty and maritime law.