IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **REGIONS EQUIPMENT FINANCE CORPORATION,** * | |
| * | |
| Plaintiff, | |
| * | **CIVIL ACTION NO. 10-258-KD-M** |
| v. | |
| * | *IN REM* |
| **M/V ACCU I (Official Number 533962); AT 1800B (Official Number 530112); and** * | |
| their respective engines, hull, tackle, appurtenances, furniture, etc., *in rem* * | |
| | *IN REM* |
| **AT 3006 (Official Number 1080267)** * | **(former Civil Action 10-262-KD-M)** |
| her engines, hull, tackle, appurtenances, furniture, etc., *in rem* * | |
| | *IN REM* |
| **M/V ACCU VIII (Official Number 541599)** * | **(former Civil Action 10-287-KD-M)** |
| her engines, hull, tackle, appurtenances, furniture, etc., *in rem* * | |

## ORDER

This action is before the Court on the motion to direct the Clerk of Court to release funds previously paid into Court as the proceeds of the sale of the vessels MV ACCU I, AT 1800B, AT 3006, and MV ACCU VIII filed by Plaintiff Regions Equipment Finance Corporation (Regions) (docs. 93, 94 (amended motion)). Previously, this Court entered an order whereby claimant vessel owner Accumarine Transportation, LP (Accumarine) was given until August 11, 2011, to respond to Regions' motion (doc. 95). However, Accumarine did not file any objection or response. Accordingly, upon consideration, and for the reasons set forth herein, the unopposed motion to disburse is GRANTED and the Clerk of the Court is DIRECTED to disburse the remaining balance from the proceeds of the sales to Regions.

On December 17, 2010, Regions filed a motion for order of sale pursuant to 46 U.S.C. § 31326 and Rule E of the Supplemental Rules for Admiralty and Maritime Claims (doc. 54). The

Court granted that motion upon finding that there had been an unreasonable delay in securing the release of the vessels, that the expenses of the seizure were disproportionate to the value of the vessels, and that the vessels were subject to deterioration (doc. 60). *See* Supp. Rule E(9)(a)(i)(A)(B)&(C).

The vessels were then sold on February 23, 2011, and the proceeds paid into Court (docs. 75-79, 81, United States Marshal's Bills of Sale and Return of Service). The MV ACCU I sold for the sum of Three Hundred Fifty Thousand and No/100ths Dollars ($350,000.00), the vessel AT 1800B sold for the sum of Fifty Thousand and No/100ths Dollars ($50,000.00), the vessel AT 3006 sold for the sum of One Million Twenty Five Thousand and No/100ths Dollars ($1,025,000.00), and the MV ACCU VIII sold for the sum of Four Hundred Thirty Thousand and No/100ths Dollars ($430,000.00) (doc. 80).

On March 10, 2011, the Court confirmed the sale of the vessels (doc. 80). The deadline of March 25, 2011, for filing claims against the proceeds of the sales passed. Accumarine had filed verified claims of ownership to defend the vessels (doc. 12, Civil Action No. 10-258-KD-M; doc. 11, Civil Action No. 10-262-KD-N; doc. 9, Civil Action No. 10-287-KD-M). However, Accumarine did not file a claim to the proceeds of the sales.

Only the substitute custodian, Waterways Towing & Offshore Services, Inc., filed a claim for custodial services. That claim was allowed and funds were disbursed to the substitute custodian (docs. 89, 92). Also, the United States Marshal's Service has been separately paid its *in custodia legis* fees. (doc. 94, Exhibit A). Therefore, the remaining funds are due to be disbursed to Regions.

Done this the 22nd day of August, 2011.

<u>s/ Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**